# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1968

_____

Chinyere Jenkins, by her next friend,   *
Joi Jenkins; Nicholas Paul Winchester-                    *
Rabelier, by his next friend, Paula      *
Winchester; Margo Vaughn-Bey, by her   *
next friend, Franklin Vaughn-Bey;    *
Nicholas C. Light, by his next friend,                   *
Marian Light; Stephon D. Jackson, by   *
his next friend, B. J. Jones; Travis N.                   *
P e t e r ,  by his next friend, Debora Chadd-            *
     Appeals from the United States
P e t e r ;  Leland Guess, by his next friend,           *
     District Court for the
Sharon Guess,                          *   Western District of Missouri.
                                             *

     Plaintiffs - Appellants       *
                                             *

American Federation of Teachers, Local                   *
691,                                   *
                                           *

     Intervenor below - Appellee   *
                                           *

     v.                            *
                                           *

State of Missouri; Mel Carnahan,       *
Governor of the State of Missouri; Bob                   *
Holden, Treasurer of the  State of  *
Missouri; Missouri State Board of   *
Education; Peter Herschend, Member of  *
the Missouri State Board of Education;                   *
Thomas R. Davis, Member of the      *

Missouri State Board of Education;   *
Robert E. Bartman, Commissioner of   *
Education of the State of Missouri; Gary                       *
D. Cunningham, Member of the      *
Missouri State Board of Education; Rice                    *
Pete Burns, Member of the Missouri   *
State Board of Education; Sharon M.     *
Williams, Member of the Missouri State                 *
Board of Education; Betty Preston,   *
Member of the Missouri State Board of   *
Education; Jacquelline Wellington,   *
Member of the Missouri State Board of   *
Education; Russell  Thompson,      *
Member of the Missouri State Board of   *
Education; School District of Kansas    *
City; Dr. Henry D. Williams,      *
Superintendent thereof; Terry M. Riley,                *
Member of the Board of Directors;    *
Lance Loewenstein, Member of the     *
Board of Directors; Marilyn Simmons,    *
Member of the Board of Directors;    *
Sandy Aguire Mayer, Member of the    *
Board of Directors; John A.  Rios,   *
Member of the Board of  Directors;     *
Darwin Curls, Member of the Board of    *
Directors; Patricia Kurtz, Member of the              *
Board of Directors; Edward J.     *
Newsome, Member of the Board of     *
Directors; Dr. Julia H. Hill, Member of             *
the Board of Directors; John W. Still,             *
Member of the Board of Directors,   *
                                            *
      Defendants - Appellees      *

Chinyere Jenkins, by her next friend,     *
Joi Jenkins; Nicholas Paul Winchester-                    *
Rabelier, by his next friend, Paula      *
Winchester; Margo Vaughn-Bey, by her      *
next friend, Franklin Vaughn-Bey;      *
Nicholas C. Light, by his next friend,                    *
Marian Light; Stephon D. Jackson, by      *
his next friend, B. J. Jones; Travis N.                    *
Peter, by his next friend, Debora Chadd-                    *
Peter; Leland Guess, by his next friend,                    *
Sharon Guess;      *
     *
      Plaintiffs - Appellees      *
     *
American Federation of Teachers, Local                    *
691,      *
     *
      Intervenor below - Appellee      *
     *
      v.      *
     *
State of Missouri; Mel Carnahan,      *
Governor of the State of Missouri; Bob                    *
Holden,  Treasurer of the State of      *
Missouri; Missouri State Board of      *
Education; Peter Herschend, Member of      *
the Missouri State Board of Education;                    *
Thomas R. Davis, Member of the      *
Missouri State  Board of Education;      *
Robert E. Bartman, Commissioner of      *
Education of the State of Missouri; Gary                    *
D. Cunningham, Member of the      *

-3-

Missouri State Board of Education; Rice                    *
Pete Burns, Member of the Missouri  *
State Board of Education; Sharon M.    *
Williams, Member of the Missouri State                    *
Board of Education; Betty Preston,  *
Member of the Missouri State Board of  *
Education; Jacquelline Wellington,  *
Member of the Missouri State Board of  *
Education; Russell Thompson, Member  *
of the Missouri State Board of    *
Education;                          *
                                    *
        Defendants - Appellants     *
                                    *
School District of Kansas City; Dr.    *
Henry D. Williams, Superintendent   *
thereof; Terry M. Riley, Member of the                    *
Board of Directors; Lance Loewenstein,                    *
Member of the Board of Directors;   *
Marilyn Simmons, Member of the Board    *
of Directors; Sandy Aguire Mayer,    *
Member of the Board of Directors; John                    *
A. Rios, Member of the Board of     *
Directors; Darwin Curls, Member of the                    *
Board of Directors; Patricia Kurtz,    *
Member of the Board of Directors;    *
Edward J. Newsome, Member of the    *
Board of Directors; Dr. Julia H. Hill,                    *
Member of the Board of Directors; John                    *
W. Still, Member of the Board of    *
Directors,                          *
                                    *
        Defendants - Appellees.     *

                    _____

                                  Submitted:  September 10, 1997

                      Filed:    December 1, 1997
                      _____
Before McMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.
                      _____


JOHN R. GIBSON, Circuit Judge.


        The Jenkins Class presents an application for fees for the appeals
that resulted in our affirmance of the district court's decision denying
unitary status and approving the settlement between the State of Missouri
and the Kansas City, Missouri School District.  The Jenkins Class appealed
the order approving the settlement, and the State appealed the district
court's order denying unitary status.  Our decision on these appeals is
Jenkins v. State of Missouri, 122 F.3d 588 (8th Cir. 1997) (Jenkins XIV ).

        The State objects to the request for a fee because the Jenkins Class
was unsuccessful in its main goal of keeping the State in the case and
because the Jenkins Class appeal sought unsuccessfully to enhance its
victory in the district court.  The State also argues that the Jenkins
Class's request should be reduced by sixty percent to account for the lack
of success on the Agreement appeal.  The Jenkins Class responds that, even
though it did not succeed in its challenge to the Agreement, the Agreement
issue was inextricably intertwined with the unitariness issue on which it
did prevail.  The State argues that the unitariness issue and Agreement
issues were not inextricably intertwined, and therefore the Jenkins Class
should not receive fees for briefing its appeal of the district court's
approval of the Agreement.

The State also argues that if the Jenkins Class receives any fee, it should be paid by KCMSD under the terms of the settlement Agreement.

The final position of the State is that, should the State not prevail on its other arguments, the court should exclude all time requested for the stay motion filed by the Jenkins Class and time spent by counsel for the Jenkins Class in discussions with the media.

**I.**

The State first argues that the unitary status and agreement issues were not inextricably intertwined, and thus the Class should not receive fees for briefing the appeal of the district court's approval of the Agreement. This argument, however, is directly contrary to the ruling of the district court granting fees to the Jenkins Class for the trial court activities in litigating the unitary status/Agreement issues. The district court referred to these as inter-related claims. In affirming the district court order, we stated in our unpublished order in Jenkins v. Missouri, No. 97-2626, 1997 WL 464173 (8th Cir. Aug. 14, 1997) (unpublished), vacated in part on different grounds, (8th Cir. Oct. 10, 1997):

> The district court's order on the motions for unitariness and approval of the agreement demonstrates the close inter-relationship between the issues pertaining to unitary status and approval of the settlement. Indeed, the district court's findings that the achievement gap had not been remedied, but was to be remedied within three years, and that the Green[1] factors, with the exception of extracurricular activities, would be unitary within two or three years, were essentially the factual findings undergirding the district court's approval of the settlement between the State and the KCMSD.

---

[1]Green v. County School Bd., 391 U.S. 430 (1968).

<u>Id.</u> at **1.  (Footnote omitted).  The State filed a motion for rehearing en banc with respect to that order, directed only to the issue of expert witness fees.  This court has granted the State's motion.  Order of October 10, 1997.  The State did not challenge that part of our order in No. 97-2626 which concerns the same issues before us in this appeal.

The inter-relation between the Agreement issues and the unitariness issues is demonstrated in our opinion in <u>Jenkins XIV</u>, 122 F.3d at 601-03.  We stated that the basic foundation of the district court's approval of the Agreement was the assumption that KCMSD will be unitary within two to three years.  <u>Id.</u> at 601.  We discussed in some detail the testimony of the several witnesses.  <u>Id.</u> at 601-02.  Our discussion leaves no question that the issues were closely inter-related.  Therefore, the Jenkins Class is entitled to a fee for both the work in defending the State's appeal of the unitariness issue and the Agreement issues.

We further reject the State's argument that the Jenkins Class "appealed seeking to expand their victory by defeating the District Court's approval of the Agreement." (citing <u>Jenkins v. Missouri</u>, 115 F.3d 554, 560 (8th Cir. 1997), <u>as modified</u>, No. 96-3870, 1997 WL 629800 (8th  Cir. Oct. 14, 1997) (<u>Jenkins Fees VI</u>)).  The Jenkins Class found itself caught between the State and KCMSD in an agreement by the two that restricted the total amount of funds to be available for concluding the remedy for the constitutional violations.  We have no hesitation in saying that, in this two on one struggle, the Jenkins Class's participation in the appeal was as a whole defensive, not only in defending the ruling rejecting a finding of unitariness,  but also in attempting to escape the imposition of a settlement to which it was not a party, the net result of which would reduce the funds available for the remedy.  Moreover, we have already held that the Agreement issue was inextricably intertwined with the unitariness issue, in which the Class was in this court defending its success below.

## II.

The State further argues that if fees are awarded for the Agreement appeal, the KCMSD should be required to pay them. It argues that the district court's order approving the Agreement affirmed by this court, as well as the Agreement itself, requires that the KCMSD bear this burden.

The issue of attorneys' fees for the Jenkins Class is not dealt with explicitly in the Agreement itself. The Agreement provides generally: "[T]he Court shall not impose or order any further obligations on the State and the State's only obligations during [the period in which the state is still making payments] shall be those set forth in the Agreement." The language of the Agreement recited that it was "contingent upon court approval" and, except for the section on interim payments, would not become binding on any of the parties unless and until final court approval was obtained. Final court approval was said in section 2 to occur when "the District Court approves the Agreement and such approval has been upheld by the appellate courts, or all appeals or requests for review have been dismissed, whichever occurs earlier." The fee application before us concerns work performed before our judicial approval of the Agreement, and, therefore, before the Agreement effectively altered the parties' relations. As the long history of this litigation has demonstrated to all parties, the litigation of the issues on the merits has been followed routinely by requests for fees by the Jenkins Class, and upon occasion by others, and this in turn has spawned considerable additional litigation. We have published six opinions on fee issues,[2] one of which has gone on to the Supreme Court, and it would not be fruitful for us to

---

[2]Jenkins v. Missouri, 838 F.2d 260 (8th Cir. 1988) (Jenkins Fees I), aff'd, 491 U.S. 274 (1989); Jenkins v. Missouri, 862 F.2d 677 (8th Cir. 1988) (Jenkins Fees II); Jenkins v. Missouri, 931 F.2d 1273 (8th Cir.) (Jenkins Fees III), cert. denied, 502 U.S. 925 (1991); Jenkins v. Missouri, 967 F.2d 1248 (8th Cir. 1992) (Jenkins Fees IV); Jenkins v. Missouri, 73 F.3d 201 (8th Cir. 1996) (Jenkins Fees V); Jenkins v. Missouri, No. 96-3870, 1997 WL 329800 (8th Cir. Oct. 14, 1997) (Jenkins Fees VI).

catalog the number of unpublished orders issued by this court dealing with fees. Under these circumstances, when the State and the KCMSD entered into an agreement to settle the claims and conclude the payments for the remedy, we cannot believe that fee litigation was a consideration that would escape their attention. The State and the KCMSD could have specifically dealt with this issue had they so chosen, but they did not do so. Further, as the Jenkins Class was not a party to the Agreement, we cannot conclude that it is foreclosed from seeking a fee from the State for this litigation on both unitariness and the Agreement. First, the fees were incurred by the Jenkins Class before the action of this court in affirming the approval of the Agreement, and secondly the final act that concludes liability of the State, the payment of the amounts due under the Agreement, has not yet occurred. We therefore conclude that the terms of the Agreement did not shift to the KCMSD any liability for an award of statutory attorneys' fees incurred in opposing the district court's adoption of the Agreement.[3]

### III.

Finally, the State argues that time spent by the Jenkins Class attorneys seeking a stay order should be excluded. The motion for stay of the district court's order pending the appeal was directly related to the appellate activity before this court. We took the motion with the case, to be disposed of at the time of disposition on the merits. However, the motion was not entirely without effect, since it resulted in an expedited briefing and argument schedule for the appeal. Counsel for the Jenkins Class deducted from its fee request some of the time two of its attorneys recorded for the stay motion. We reject the argument that such time should be excluded altogether.

---

[3]On several occasions, the State refers to "the three party Agreement," evidently overlooking our statement in Jenkins XIV: "The two constitutional violators, the State and the KCMSD, have agreed to release one of the violators, the State, from any further duty to the constitutional victims beyond the duty to pay the specified sums of money. The constitutional victims are not a party to this agreement." 122 F.3d at 601.

In one respect, the State makes a valid assertion. Attorney Lansford's time sheets submitted with the application show approximately one hour spent in talking to the media. We have held that public relation efforts necessary to accomplish the objectives of the litigation may be compensated under section 1988. Jenkins v. Missouri, 862 F.2d 677, 678 (8th Cir. 1988) (Jenkins Fees II). Since the Jenkins Class has not informed the court of the purpose of attorney Lansford's press contacts so that we may determine if the services were necessary to the litigation, we disallow the hour.

**IV.**

We award the Jenkins Class fees and expenses as follows:

       Fees
$68,295.00

       Expenses              $ 2,524.02

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.